UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NATIONAL RETIREMENT FUND,

Plaintiffs,

-against-

OTG MANAGEMENT PHL, LLC; AIRBEV, LLC f/k/a AIRBEV, INC.,

Defendants.

**COMPLAINT**

Plaintiffs, by their attorneys David C. Sapp, Esq. and Jennifer Oh, Esq., complaining of Defendants OTG Management PHL, LLC and Airbev, LLC f/k/a Airbev, Inc. (the "Defendants"), respectfully allege as follows:

**NATURE OF ACTION**

1. This is an action by plan fiduciaries to enforce the provisions of a collective bargaining agreement and certain statutory obligations imposed upon the Defendant by Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1145.

**JURISDICTION**

2. The jurisdiction of this Court is invoked pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §185(a) and Sections 502(a), (e) and (f) of ERISA, 29 U.S.C. §1132(a), (e) and (f).

**VENUE**

3. Venue is properly laid in this Court pursuant to Section 301(a) of the LMRA, 29 U.S.C. §185(a); Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2); and 28 U.S.C. §1391(b).

## THE PARTIES

4. Plaintiff National Retirement Fund ("Retirement Fund") is established and maintains a plan (the "Plan") to provide retirement income to employees for whom contributions are made by employers. As such, it is an "employee pension benefit plan" as defined in Section 3(2) of ERISA, 29 U.S.C. §1002(2). The Plan is maintained pursuant to one or more collective bargaining agreements between employee organizations and various employers, which require such employers to contribute to the Retirement Fund. As such, the Retirement Fund is a "multiemployer plan," within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A).

5. The Retirement Fund is administered by a Board of Trustees composed of an equal number of employer and employee representatives, as required by Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). The Board of Trustees is the "plan sponsor" with respect to the Plan pursuant to Section 3(16)(B)(iii) of ERISA, 29 U.S.C. §1002(16)(B)(iii).

6. Plaintiffs Trustees of the Retirement Fund exercise discretionary authority, control and responsibility with respect to management and administration of the Retirement Fund and Plan and disposition of Retirement Fund assets. As such, Plaintiffs Trustees of the Retirement Fund are fiduciaries with respect to the Plan, within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), as defined in Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A). The Retirement Fund maintains its principal administrative offices at 333 Westchester Avenue, North Building, White Plains, New York 10604, which is within the Southern District of New York.

7. Upon information and belief, at all relevant times herein, Defendant OTG Management PHL, LLC is a Delaware limited liability company authorized to do business in

Pennsylvania having or having had its principal place of business at 1501 Lower State Road, Suite 102, North Wales, Pennsylvania 19454.

8. Upon information and belief, at all relevant times herein, Defendant Airbev, LLC f/k/a Airbev, Inc. is a Delaware limited liability company authorized to do business in Pennsylvania having or having had its principal place of business at 335 West Butler Avenue, Suite 120, Chalfont, Pennsylvania 18914.

9. The Philadelphia Joint Board Workers United, SEIU (the "Union") is an unincorporated "employee organization" as defined in Section 3(4) of ERISA, 29 U.S.C. §1002(4). Upon information and belief, at all times material hereto, Defendants were a party to a series of Collective Bargaining Agreements with the Union ("Bargaining Agreements"), which obligated Defendants to make contributions to the Retirement Fund. Upon information and belief, employee benefit fund contributions to the Retirement Fund were and are due to be paid by Defendants.

**AS AND FOR A FIRST CLAIM FOR RELIEF BY PLAINTIFFS TRUSTEES OF THE RETIREMENT FUND AGAINST DEFENDANT OTG MANAGEMENT PHL, LLC**

10. Plaintiffs Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "9" of this Complaint with the same force and effect as if set forth at length herein.

11. Upon information and belief, in or about 2019, as permitted by the Retirement Fund's Agreement and Declaration of Trust ("Trust Agreement") and ERISA, the Retirement Fund performed an audit of the books and records of Defendant OTG Management PHL, LLC for the period of January 1, 2017 through and including December 31, 2018. The audit revealed audit deficiencies of contributions totaling $16,031.96 due to the Retirement Fund, plus interest thereon through the date of the audit deficiency notice in the amount of $3,179.58, and liquidated damages

in the amount of $3,206.39. By the audit deficiency notice dated September 11, 2019 (the "OTG Management PHL Audit Deficiency Notice"), the Retirement Fund demanded payment of the outstanding balance. (A copy of the OTG Management PHL Audit Deficiency Notice is annexed hereto as Exhibit "A".).

12. Audit deficiencies for contributions plus interest thereon and liquidated damages due to the Retirement Fund from Defendant OTG Management PHL, LLC for the period of January 1, 2017 through and including December 31, 2018 have not been paid and are now due and owing. By reason thereof, Defendant OTG Management PHL, LLC is liable to Plaintiff Retirement Fund in the sum of $22,417.93 for the period stated, plus interest and liquidated damages on the principal amount of audit deficiencies from September 11, 2019, the date of the OTG Management PHL Audit Deficiency Notice, through the date of judgment, and attorneys' fees and costs.

**AS AND FOR A SECOND CLAIM FOR RELIEF BY PLAINTIFFS TRUSTEES OF THE RETIREMENT FUND AGAINST DEFENDANT AIRBEV, LLC F/K/A AIRBEV, INC.**

13. Plaintiffs Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "12" of this Complaint with the same force and effect as if set forth at length herein.

14. Upon information and belief, in or about 2019, as permitted by the Retirement Fund's Agreement and Declaration of Trust ("Trust Agreement") and ERISA, the Retirement Fund performed an audit of the books and records of Defendant Airbev, LLC f/k/a Airbev, Inc. for the period of January 1, 2017 through and including December 31, 2018. The audit revealed audit deficiencies of contributions totaling $17,475.04 due to the Retirement Fund, plus interest thereon through the date of the audit deficiency notice in the amount of $3,491.86, and liquidated damages

in the amount of $3,491.86. By the audit deficiency notice dated September 11, 2019 (the "Airbev Audit Deficiency Notice"), the Retirement Fund demanded payment of the outstanding balance. (A copy of the Airbev Audit Deficiency Notice is annexed hereto as Exhibit "B".).

15. Audit deficiencies for contributions plus interest thereon and liquidated damages due to the Retirement Fund from Defendant Airbev, LLC f/k/a Airbev, Inc. for the period of January 1, 2017 through and including December 31, 2018 have not been paid and are now due and owing. By reason thereof, Defendant Airbev, LLC f/k/a Airbev, Inc. are liable to Plaintiff Retirement Fund in the sum of $24,458.76 for the period stated, plus interest and liquidated damages on the principal amount of audit deficiencies from September 11, 2019, the date of the Airbev Audit Deficiency Notice, through the date of judgment, and attorneys' fees and costs.

**AS AND FOR A THIRD CLAIM FOR RELIEF BY PLAINTIFFS TRUSTEES OF THE RETIREMENT FUND AGAINST DEFENDANT OTG MANAGEMENT PHL, LLC**

16. Plaintiffs Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "15" of this Complaint with the same force and effect as if set forth at length herein.

17. Upon information and belief, contributions to the Retirement Fund from Defendant OTG Management PHL, LLC as required by the Bargaining Agreement for the months of December 2019 through and including February 2020 in the principal amount of $10,541.70 have not been made and are now due and owing. By reason thereof, Defendant is liable to Plaintiff Retirement Fund in the principal amount of $10,541.70 for the period stated.

18. Plaintiff Retirement Fund is entitled to collect interest on the outstanding delinquent contributions from Defendant calculated pursuant to Section 502(g)(2)(B) of ERISA, 29 U.S.C. §1132(g)(2)(B).

19. Plaintiff Retirement Fund is entitled to collect liquidated damages, attorneys' fees, and costs from Defendant calculated pursuant to Sections 502(g)(2)(C) and 502(g)(2)(D) of ERISA, 29 U.S.C. §1132(g)(2)(C) and 29 U.S.C. §1132(g)(2)(D).

**AS AND FOR A FOURTH CLAIM FOR RELIEF**
**BY PLAINTIFFS TRUSTEES OF THE RETIREMENT FUND**
**AGAINST DEFENDANT OTG MANAGEMENT PHL, LLC**

20. Plaintiffs Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "19" of this Complaint with the same force and effect as if set forth at length herein.

21. The Agreement and Declaration of Trust of the Retirement Fund ("Trust Agreement") provides that, "An Employer is deemed to have accepted and become bound by this Agreement and Declaration of Trust and any subsequent amendments thereto by contributing to or having an obligation to contribute to the Fund." As Defendant OTG Management PHL, LLC has an obligation to contribute to the Retirement Fund and has, in the past, contributed to the Retirement Fund, Defendant OTG Management PHL, LLC has accepted and become bound by the Trust Agreement.

22. The Retirement Fund's Trust Agreement requires Defendant OTG Management PHL, LLC to remit monthly pension contribution reconciliation reports ("Contribution Reports") to Plaintiff Retirement Fund, which includes the employees' names, Social Security numbers, hours worked, paid hours, unpaid hours, vacation, sick leave, hire classifications, and such other information as the Trustees of the Retirement Fund may require for its sound and efficient operation and to ensure accurate pension service credits for participants in the Retirement Fund.

23. Upon information and belief, Contribution Reports required for the months of December 2019 through and including February 2020 have not been remitted to the Retirement

Fund by Defendant OTG Management PHL, LLC and are now due and owing by Defendant OTG Management PHL, LLC to Plaintiff Retirement Fund. By reason thereof, Plaintiffs are entitled to an Order and Judgment requiring Defendant OTG Management PHL, LLC to remit the required Contribution Reports to Plaintiff Retirement Fund for the periods stated.

**WHEREFORE**, Plaintiffs respectfully pray for an order and judgment:

a. Directing Defendant OTG Management PHL, LLC to pay to the Retirement Fund the principal sum of audit deficiencies in the amount of $16,031.96 as required by the September 11, 2019 OTG Management PHL Audit Deficiency Notice; and

b. Directing Defendant OTG Management PHL, LLC to pay to the Retirement Fund interest on the principal audit deficiency amount of $16,031.96 through the date of the September 11, 2019 OTG Management PHL Audit Deficiency Notice in the amount of $3,179.58 and interest on the principal amount of audit deficiencies from the date of the September 11, 2019 OTG Management PHL Audit Deficiency Notice to the date of judgment, computed at an interest rate as prescribed by the Retirement Fund, pursuant to Section 502(g)(2)(B) of ERISA, 29 U.S.C. §1132(g)(2)(B); and

c. Directing Defendant OTG Management PHL, LLC to pay to the Retirement Fund liquidated damages on the audit deficiencies, to be computed at a rate as prescribed by the Retirement Fund, pursuant to Section 502(g)(2)(C) of ERISA, 29 U.S.C. §1132(g)(2)(C); and

d. Directing Defendant Airbev, LLC f/k/a Airbev, Inc. to pay to the Retirement Fund the principal sum of audit deficiencies in the amount of $17,475.04 as required by the September 11, 2019 Airbev Audit Deficiency Notice; and

e. Directing Defendant Airbev, LLC f/k/a Airbev, Inc. to pay to the Retirement Fund interest on the principal audit deficiency amount of $17,475.04 through the date of the September

11, 2019 Airbev Audit Deficiency Notice in the amount of $3,491.86 and interest on the principal amount of audit deficiencies from the date of the September 11, 2019 Airbev Audit Deficiency Notice to the date of judgment, computed at an interest rate as prescribed by the Retirement Fund, pursuant to Section 502(g)(2)(B) of ERISA, 29 U.S.C. §1132(g)(2)(B); and

f. Directing Defendant Airbev, LLC f/k/a Airbev, Inc. to pay to the Retirement Fund liquidated damages on the audit deficiencies, to be computed at a rate as prescribed by the Retirement Fund, pursuant to Section 502(g)(2)(C) of ERISA, 29 U.S.C. §1132(g)(2)(C); and

g. Directing Defendant OTG Management PHL, LLC to pay to the Retirement Fund the principal amount of delinquent contributions due and owing for the months of December 2019 through and including February 2020 in the amount of $10,541.70; and

h. Directing Defendant OTG Management PHL, LLC to pay to the Retirement Fund interest on the sum set forth in paragraph "(g)" herein, to be computed at an interest rate as prescribed by the Retirement Fund, pursuant to Section 502(g)(2)(B) of ERISA, 29 U.S.C. §1132(g)(2)(B); and

i. Directing Defendant OTG Management PHL, LLC to pay to the Retirement Fund liquidated damages on the sum set forth in paragraph "(g)" herein, to be computed at a rate as prescribed by the Retirement Fund, pursuant to Section 502(g)(2)(C) of ERISA, 29 U.S.C. §1132(g)(2)(C); and

j. Directing Defendants to pay to the Retirement Fund the reasonable attorneys' fees and costs of the action, pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. §1132(g)(2)(D); and

k. Directing Defendant OTG Management PHL, LLC to remit to the Retirement Fund the Contribution Reports as required by the Bargaining Agreement for the months of December 2019 through and including February 2020; and

l. Directing that Defendant OTG Management PHL, LLC be restrained and enjoined permanently from becoming or remaining delinquent in remitting its contributions and Contribution Reports to the Retirement Fund, and ordering Defendant OTG Management PHL, LLC to remit such contributions and Contribution Reports in accordance with the terms and conditions of the Retirement Fund's rules and regulations and the Bargaining Agreement between Defendant OTG Management PHL, LLC and the Union; and

m. Granting such other legal and equitable relief as the Court deems appropriate.

Dated: April 3, 2020
White Plains, New York

**TRUSTEES OF THE NATIONAL RETIREMENT FUND, Plaintiffs**

By: S/ Jennifer Oh
Jennifer Oh

*Attorney for Plaintiffs*

Alicare, Inc. – Fund Administrator
333 Westchester Avenue
North Building – 1st Floor
White Plains, New York 10604
Telephone: (914) 367-5243
Facsimile: (914) 367-2243
Email: joh@alicare.com